UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | CHAPTER 11 |
| **Granite State Plasma Cutting Ltd.,** | Case No. 14-12165-BAH (Lead Case) |
| **Harmony Metal Products North, Inc., and** | Case No. 14-12166-BAH |
| **Harmony Land Holdings, LLC,** | Case No. 14-12167-BAH |
| Debtors | Jointly Administered |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO SELL FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(b) AND (f)

*NOW COMES* Edmond J. Ford, Chapter 11 Trustee in the above-captioned matters, by and through his attorneys Ford & McPartlin, P.A. and moves for an Order authorizing the sale of property of the estate free and clear of any interest in the property pursuant to 11 U.S.C. §363(b) and (f) and in support thereof says as follows:

1. Movant is the duly appointed Chapter 11 Trustee in these matters.

2. HMGS Finance, LLC ("HMGS") is a business entity with a mailing address of 205 East Butterfield Road, Suite 205, Elmhurst, IL 60126

3. Northern Community Investment Corporation ("NCIC") is a business entity with a mailing address of 51 Depot Square, Suite 2, St. Johnsbury, VT 05819.

4. Marsha Harmony is an individual with a mailing address of 666 Augusta Road, Winter Haven, FL 33884.

5. Raymond Harmony is an individual with an address at 54 Mill Brook Road, Thornton, NH 03285.

6. Grafton County Economic Development Council ("GCEDC") is a New Hampshire Non-profit Corporation with a principal office at 131 Main Street, Plymouth, NH 03264.

7. The State of New Hampshire, Department of Revenue Administration is a New Hampshire state agency with a mailing address of P.O. Box 457, Concord, New Hampshire 03302.

8. This Court has jurisdiction over this matter as a matter which arises under Title 11 pursuant to 28. U.S.C. §1334.

9. This Court is an appropriate venue pursuant to 28 U.S.C. §409(a) inasmuch as this matter is a matter which relates to a case pending under Title 11 in the District of New Hampshire.

10. This matter has been referred to this Bankruptcy Court by the United States District Court pursuant to Local Rule 77.4.

11. This is a core matter dealing with the sale of property of the estate pursuant to the provisions of 11 U.S.C. §363. 28 U.S.C. §157(b)(2)(N).

12. Pursuant to Administrative Order 7008-1, the Movant assents to the entry of final orders and judgment by this Bankruptcy Court.

**FACTS**

13. This bankruptcy case was instituted by the filing of voluntary chapter 11 petitions on November 6, 2014.

14. The Trustee has filed a Motion to Establish Sale Procedures, seeking authority from the Court to establish sale procedures for the sale of the Debtors' business. (The "Sale Procedure Motion"). Pursuant to the Sale Procedure Motion, HMGS Finance, LLC is deemed to

2

have entered a Qualified Offer for the Transferred Assets and the Titled Vehicles in the amount of $1,350,000.00.  Consistent with that Motion, the Trustee hereby seeks authority to sell the Transferred Assets and the Titled Vehicles free and clear of all liens and interests to HMGS Finance, LLC.

15. "Transferred Assets" means: all real estate and buildings located at 1412 NH Route 175, Holderness, New Hampshire; all machinery, equipment and tooling owned by the Debtor, accounts receivable, customer lists, any intellectual property owned by the Debtors, any intangibles, purchase orders, any book of business, trade names, trademarks, telephone numbers, websites, URL's and any associated goodwill and the Titled Vehicles.

16. "Titled Vehicles" means: the 2000 GMC Sierra, last four digits of VIN being 5727; the 2004 GMC C6500, last four digits of VIN being 4275; the 2005 GMC Savana G3500, last four digits of VIN being 5905; and the 2005 GMC C5500 Topkick, last four digits of VIN being 5800.

17. The vehicle titles also list Ray Harmony individually in various capacities.  In particular, the title to the 2005 GMC Topkick is in the name of Granite State Plasma Cutting, Ltd. and Raymond Harmony; the title to the 2000 GMC Pickup which VIN has the last four digits 5727 is in the name of Harmony Raymond d/b/a Granite State Plasma Cutting; the title to the 2005 GMC Savana which VIN has the last four digits 5905 in the name of Harmony, Raymond F. d/b/a Harmony Metal Products North; and the title to the 2004 GMC C6500 which VIN has the last four digits 4275 is in the name of Granite State Plasma Cutting Ltd. and Harmony, Raymond F.

18. The sale price shall be $1,350,000.00 or such higher amount as the Trustee may be able to obtain from any interested purchaser (the "Purchase Price"), in connection with the Sale Procedure.

19. The sale (whether to HMGS Finance, LLC or to any other person) shall exclude all warranties and representations. Specifically, all warranties of merchantability or fitness for a particular purpose shall be absolutely and irrevocably disclaimed. The Purchaser shall purchase the Transferred Assets and the Titled Vehicles as is and where is. The Purchaser shall waive all claims against the estate and any professionals or employees employed, retained or representing the estate in matters associated with the sale. Nothing herein shall prejudice HMGS Finance remaining claims and liens.

20. Closing shall occur on or before April 3, 2015. Time is of the essence in this sale.

21. HMGS Finance, LLC bid shall include $35,000.00 cash for the vehicles and a credit bid for the remainder of its bid.  Any other bidder shall pay the Purchase Price in cash at Closing. The Purchase Price shall be increased by an amount equal to the cost of oil and propane on the premises at Closing. The Purchaser shall pay all of the costs of closing including all recording fees, all deep preparation fees and expenses, and both sides of any transfer taxes. In no event shall the Purchase Price be adjusted downward.

**SELL FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(b) and (f)**

22. A trustee, after notice and hearing, may sell property of the estate, other than in the ordinary course of business. 11 U.S.C. §363(b)(1).

23. Pursuant to 11 U.S.C. §363(f)(2), the Trustee may sell property under subsection (b) free and clear of any interest in such property of an entity other than the estate if such entity consents to the sale. Here, the Transferred Assets are encumbered by HMGS's, NCIC's, GEDC's

Marsha Harmony's and the Department of Revenue Administration's UCC filing statements and mortgages and collateral assignments.

24. The Trustee has received consent from HMGS to sell the Transferred Assets (including the Titled Vehicles) and the Supplemental Assets for the Purchase Price free and clear of its liens, mortgages and security interests as provided in the Sale Procedure Motion, with HMGS' lien to attach to the proceeds.

25. The Trustee has sent letters to NCIC, GCEDC, Marsha Harmony and the Department of Revenue Administration regarding the sale of the Transferred Assets and Titled Vehicles, informing them that if they do not object to this motion, the Trustee will ask the Court to construe their silence as consent to it. *See BAC Home Loans Servicing LP v. Grassi* 2011 Bankr. LEXIS 4362, *14 (1st Cir. B.A.P. 2011) ("This Panel, as well other courts in this circuit and nationally, views silence as implied consent sufficient to satisfy the consent requirement for approving a sale under §363(f)(2)."); *see also FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002) ("lack of objection (provided of course there is notice) counts as consent.").

26. Moreover, the Trustee may sell the Transferred Assets (including the Titled Vehicles) and Supplemental Assets as NCIC, Marsha Harmony and the Department of Revenue Administration's interests in the Transferred Assets (to the extent they even purport to have liens on them), Supplemental Assets and Titled Vehicles are the subject of bona fide disputes as to their validity. 11 U.S.C. §363(f)(4); *In re Robotic Vision Systems, Inc.*, 322 B.R. 502, 506 (Bankr. D.N.H. 2005).

27. A bona fide dispute exists when an objective basis for either factual or legal dispute as to the validity of an interest in property exists. *Id.*

28. The evidentiary requirements that must be met prior to a determination of the existence of a bona fide dispute varies by case. *Id.* This Court has indicated that the consideration is based on (i) the procedural posture of the case; (ii) the need to expedite the sale; and (iii) the nature of the basis for determining that a dispute exists. *Id.*

29. Here, the Trustee has, or will file motions to determine secured status and avoid wholly unsecured liens pursuant to 11 U.S.C. §506 with respect to NCIC, GCEDC and the Department of Revenue Administration's security interests in the Debtors' assets. Further, the Trustee intends to file and adversary proceeding objecting to Marsha Harmony's claim on the grounds that it should be disallowed for the following reasons: (a) it is an illegal dividend; (b) she is the recipient of transfers avoidable under 11 USC §§ 548 & 549 and (c) that the Trustee is therefore entitled to recovery from her under 11 USC §550 and the claim may therefore be disallowed under 11 USC §502(d).

30. HMGS Finance, LLC has a first priority lien on substantially all of the Debtors' assets, which liens exceed the liquidation value of the assets. Pursuant to the motions under 11 U.S.C. §506, the Trustee asserts that NCIC, Marsha Harmony, GCEDC and the Department of Revenue Administration are wholly unsecured, and thus a bona fide dispute exists as to the validity of their interests.

31. The documents and necessary law for determining whether a bona fide dispute exists are already, or will shortly be before the Court.

32. Whether NCIC, GCEDC, Marsha Harmony and the Department of Revenue Administration's interest in the Debtors' assets, and thus the Claim, are wholly unsecured is a question that meets the necessary objective basis for a bona fide factual and/or legal dispute as to the validity of an interest in the property of the estate.

33. In the alternative, to the extent that the sale of the Debtors' assets in excess of the amounts due HMGS can be achieved, such a result will be dependent upon a sale of the Debtors as a going concern.

34. In the event that this sale is at a value sufficient to satisfy all debt secured by liens senior to NCIC's, Marsha Harmony's and the Department of Revenue's liens and mortgages, such a sale would necessarily be the result of the Trustee's efforts to operate the Debtors, thereby preserving the value of the property and allowing for its disposition at a higher value.

35. Pursuant to 11 U.S.C. §506(c), the Trustee should be permitted to recover all necessary costs and expenses of preserving and disposing of the Debtors' property before payment of any secured claim of NCIC, Marsha Harmony or the Department of Revenue.

36. The Trustee should be permitted to sell the Titled Vehicles and Mr. Harmony should be ordered to sign any necessary transfer instruments because the Estates hold equitable title to the vehicles. The Estates hold equitable title to the vehicles because the estates have paid for the same, the estates have insured the same, the estates have listed the same on their books and records which books and records were maintained by Mr. Harmony. Among other things, three of the four titled vehicles are listed on the Debtors Exhibit B-25 as property of the estate. Mr. Harmony signed the declaration accompanying those schedules. The only vehicle which is not so listed is the 2000 GMC Model TK20903 pickup with the last four digits 5727 the title of which is in the name of Harmony Raymond d/b/a Granite State Plasma Cutting.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court order and decree as follows:

  A. That the Trustee be authorized to sell the Transferred Assets including the Titled Vehicles free and clear of any liens pursuant to 11 U.S.C. §363(b) and (f), with

        any liens to attach to the proceeds of the sale, until such time as this Court determines their validity, priority and extent;

B.     That the Trustee be authorized to accomplish this sale in accordance with terms established in the Sale Procedure Motion;

C.     To the extent that the claim of NCIC, GCEDC, Marsha Harmony or the Department of Revenue may be entitled to be treated as secured or partially secured claim, that any such claim is subordinated to the Trustee's costs and expenses of preserving and disposing of the Debtors' property, including the operation of the Debtors necessary to permit their sale as a going concern;

D.     That Raymond Harmony be ordered to cooperate in the execution of any reasonable or necessary vehicle title assignments or related documentation in connection with such sale and the Titled Vehicles; and

E.     That the 14 day stay of F.R. Bankr. P. 6004(h) be waived; and

F.     Grant such other and further relief as is just and equitable.

                                  Respectfully submitted,

                                  Edmond J. Ford, Chapter 11 Trustee
                                  By his attorneys,
                                  Ford & McPartlin, P.A.

Date: January 26, 2015                 By: /s/ *Edmond J. Ford*
                                                Edmond J. Ford (BNH 01217)
                                                10 Pleasant Street, Suite 400
                                                Portsmouth, NH 03801
                                                (603) 433-2002 (Telephone)
                                                (603) 433-2122 (Facsimile)
                                                eford@fordlaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 26, 2015 copy of the foregoing was forwarded electronically and/or via U.S. First Class mail to the following parties:

Geraldine Karonis
Office of the U.S. Trustee
1000 Elm Street, Suite 605
Manchester, NH 03101

William S. Gannon
William S. Gannon, PLLC
889 Elm Street, 4th Floor
Manchester, NH 03101

Michael A. Fagone
Bernstein, Shur, Sawyer & Nelson, P.A.
100 Middle Street, P.O. Box 9729
Portland, ME 04101

Robert E. Richards
Denton US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606

Carollynn J. Ward
New Hampshire Dept. of Revenue Administration
109 Pleasant Street, P.O. Box 457
Concord, NH 03302

Walter L. Maroney
State of New Hampshire Dept. of Employment Security
45 South Fruit Street
Concord, NH 03301

Grafton County Economic Development
P.O. Box 178
Plymouth, NH 03264-0178

Mollie White
Northern Community Investment Corporation
1 Middle Street
Lancaster, NH 03584

Bob Walker
Grafton County Economic Development
Box 178
Plymouth, NH 03264

Deborah Reynolds
Conklin & Reynolds, P.A.
607 Tenney Mtn. Hwy., Suite 127
Plymouth, NH 03264

James LaMontagne
Sheehan, Phinney, Bass + Green, PA
1000 Elm Street
P.O. Box 3701
Manchester, NH  03105-3701


                     /s/ *Edmond J. Ford*
                     Edmond J. Ford

G:\Ed\3259-001\pleadings\Mot to sell to HMGS 1 22 15.docx